(C.D. 4043)

ExCEL, INc. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 6, 1970)

*Schwartz & Lidstrom (Earl R. Lidstrom* and *Rufus E. Jarman, Jr.,* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Glenn E. Harris* and *Robert E. Burke,* trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: These two protests, consolidated for the purpose of trial, place in issue the classification of certain bicycle handbrakes imported from West Germany. The brakes were classified pursuant to item 732.36 of the Tariff Schedules of the United States as parts of bicycles. Plaintiff claims that the merchandise is properly classifiable pursuant to item 678.50 of said tariff schedules as machines, not specially provided for.

Plaintiff concedes that the merchandise is chiefly used as parts of bicycles but contends that the provision for machines is a specific provision which must prevail over a provision for parts pursuant to

General Interpretative Rule 10(ij) in the General Headnotes and Rules of Interpretation to the Tariff Schedules of the United States. That rule provides that "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article, but *does not prevail over a specific provision for such part.*" [Emphasis supplied.] The issue in this case is therefore whether the provision for machines not specially provided for is a "specific provision" for the importation which will prevail over a provision for parts.

An examination of the exhibit and the testimony of plaintiff's vice-president in charge of engineering and manufacturing lead to the following conclusions regarding the nature of the importation. It is a handbrake commonly seen on bicycles consisting of a lever connected by cable to calipers. Pressure on the lever is transmitted by the cable to the calipers and presses their rubber heads against the rim of the wheel. It appears that the force applied is magnified by reason of the mechanical advantage supplied by the lever.

Our examination of the importation in question and our study of the relevant case law, lead to the conclusion that the importation is not a machine within the meaning of the Tariff Schedules of the United States.

Our appellate court in the case of *United States* v. *Idl Mfg. & Sales Corp.*, 48 CCPA 17, C.A.D. 756 (1960), gave the following opinion based on its attempt to synthesize the case law regarding the definition of "machine."

> The state of the case law leads us to but one conclusion. While many items have been held to be, or not to be, "machines," there is no "judicial determination" of what a machine is. It remains simply a question of common meaning and each case must be decided on the basis of its own facts, technical and legislative.

This mandate for flexibility and our own study of the case law, cause us to be wary of blindly adhering to certain so-called definitions of machines such as "a mechanical contrivance which 'utilizes' 'applies' or 'modifies energy or force' 'or transmits motion'." See *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537 (1918). Nor do we give controlling effect to the fact of whether or not the importation acts on something outside itself. Concerning this factor, our appellate court has recently stated as follows in *Morris Friedman* v. *United States*, 57 CCPA 92, C.A.D. 983 (1970):

> * * * Appellant has made much of the lower court's reference to our observation in the *Trans Atlantic* case that the lock sets did not make or act on something outside themselves. We did not intend to lay that down as a conclusive test which will determine whether an item is or is not a machine. Nevertheless it is true of many things considered to be machines that they do make or act on something else and it is relevant to observe that the loose-leaf mechanisms do not do this.

Similarly, we do not give controlling consideration to such factors as the size or complication of the articles in question. *United States* v. *Idl Mfg. & Sales Corp., supra.* Instead, we have attempted to weigh and place in perspective all these considerations, as well as a basic "common sense" and common meaning approach, in our analysis of the instant importation. In the end, we conclude that this article is mechanical only in a narrow, technical sense and is not a machine within the common meaning of the term. We consider the importation to be in essence close to the keyless door lock sets involved in *Trans Atlantic Co.* v. *United States*, 54 CCPA 75, C.A.D. 909 (1967), which were held not to be machines under paragraph 372 of the Tariff Act of 1930. In that decision our appellate court stated as follows:

> Appellant then argues that an analysis of five of our cases, involving respectively a manually-operated pulley used to raise and lower a lighting fixture,[4] a manually-operated paper punch,[5] a simple manually-activated tallying register,[6] a "finger-operated" device to sharpen razor blades,[7] and a shoe-stretching device,[8] will show that these lock sets, also simple manually-operated devices, are *sufficiently complex* to be "machines."
>
> It is, however, common meaning rather than complexity which is determinative. *United States* v. *Idl Mfg. & Sales Corp., supra.* Appellant's witness has testified that these lock sets are not known as machines "in the general trade." Nor do they seem compellingly analogous to other devices concededly machines within the meaning of the tariff law. They, unlike most of the devices in the cited cases, do not *make* or *act on* something outside themselves. Complexity alone is urged. It is not enough. [Italics quoted.] [Footnotes omitted.]

In sum, we consider the facts in this case to be essentially similar and we find that the importation is not a machine within the meaning of the tariff language. Accordingly, we do not reach the question of whether the provision for machines not specially provided for will prevail over a provision for parts of articles. We conclude, therefore, that plaintiff has failed to establish the correctness of its claim and the merchandise herein was properly classified as parts of bicycles pursuant to item 732.36 of the Tariff Schedules of the United States.

Judgment will issue accordingly.